EMILY PERRY *vs.* JUSTIN L. KEITH, and another.

Penobscot.    Opinion January 2, 1900.

*Deed.   Description.   Boundary.   R. R. Location.*

Where the description in a deed makes the land thereby conveyed commence at
"the west line of the Bangor and Piscataquis Railroad," the true westerly
line of the strip of land taken by the railroad for its right of way is made the
boundary.

The actual location of a railroad company's track furnishes no evidence as to
the location of either the centre or side lines of the land taken by the railroad
company for its purposes.

The only question presented in this case is whether or not any portion of the
land described in the defendant's deed had been previously conveyed to the
plaintiff.   *Held;* that the case does not show any such previous conveyance.

AGREED STATEMENT.

The case appears in the opinion.

*W. H. Powell and G. T. Sewall,* for plaintiff.

*Peregrine White,* for defendants.

SITTING :   PETERS, C. J.,   EMERY,   HASKELL,   WHITEHOUSE,
WISWELL,   SAVAGE, JJ.

WISWELL, J.   This is a real action in which the question at
issue is as to the location of the dividing line between the plain-
tiff's and the defendants' contiguous lots of land.

The line in dispute is the plaintiff's western and the defendants'
eastern line.   Both of these lots belonging to the parties to the
suit, together with considerable other land, out of which they were
taken, were at one time owned by the same grantors.   The defend-
ants' lot was conveyed out of the tract by a deed, dated May 31,
1883.   In that deed the easterly line of the lot is described as,
"beginning at a point on the north line of Brown street, eighty
feet westerly from the west line of the Bangor and Piscataquis
Railroad; the west line of said railroad being taken thirteen feet
from the centre of the track as now laid."   The lot is further

described as extending westerly on Brown street twenty-two feet and extending back from the street seventy feet, of the same width.

This deed unquestionably conveyed to the defendants' predecessor in title the lot therein described, unless some portion of it had been previously conveyed. Prior to the date of the deed under which the defendants claim, two lots had been conveyed by the then owners of the whole tract between the defendants' lot and the railroad, the plaintiff's lot, the one next easterly of that of the defendants, by deed dated January 3, 1871, and the one next easterly of that, by deed dated November 22, 1870, to one James Weymouth. The Weymouth lot is described as beginning on the north line of Brown street and on the west line of the Bangor and Piscataquis Railroad;—it is sixty feet wide on Brown street,—and the Perry lot, commencing at the western line of the Weymouth lot, is twenty feet wide on the street.

So far, there would seem to be no inconsistencies in the descriptions in the deeds of the three lots. The easterly corner of the defendants' lot on Brown street is eighty feet distant from the Bangor and Piscataquis Railroad, sixty feet of that intervening distance had been conveyed to Weymouth and twenty feet to the plaintiff's predecessor; so that the description in all of the three deeds would agree. But in the deed of the defendants' lot it is said, "the west line of said railroad being taken thirteen feet from the centre of the track as now laid;" and it is claimed upon the part of the plaintiff that, as a matter of fact, the width of the right of way of the Railroad Company, west of its centre line, is fifteen feet,—so that the defendants' lot was made to commence two feet further to the east than it should have.

In other words, the position of the plaintiff is, that the Weymouth lot, the first of the three conveyed, commences on Brown street at a point fifteen feet from a line midway between the rails of the railroad track; that the lot extends westerly upon Brown street sixty feet and that the next lot conveyed, the plaintiff's commences at the western corner of the Weymouth lot on the street and extends westerly thereon twenty feet further, making the western corner on the street of the plaintiff's lot ninety-five feet

west of the line midway of the rails of the railroad track, while the easterly line of the defendants' lot is made by the deed to commence on Brown street at a point only ninety-three feet distant from this centre line of the track; and that consequently two feet in width off the easterly side of this lot had been previously included in the plaintiff's lot.

This would, of course, be true if the line midway of the rails of the railroad track as laid was coincident with the centre line of the railroad company's right of way. But the difficulty with the contention of the plaintiff's counsel is that he assumes this to be a fact while there is no evidence in the case that it is so. It does not by any means follow that a railroad company's track is located in the centre of its right of way. One of the very reasons why so much width of land is necessary for and is taken by railroads, upon which to construct their road beds and tracks, is that they may have sufficient room for double tracks, side tracks and other structures. The actual location, therefore, of the track furnishes no evidence as to the location of the centre or side lines of the land taken by the railroad company for its purposes.

Moreover, in this case, the plans and the brief of the plaintiff's counsel show that the actual centre line of the right of way is several feet east of the track.

Nor can it be said, as urged by plaintiff's counsel, that the grantors in the deed to Weymouth supposed that the location of the track was indicative of the centre line of the right of way and consequently of the western line thereof, and intended that the lot should commence fifteen feet from a point midway of the rails. That deed made the Weymouth lot commence at the westerly line of the right of way. It made the true westerly line a boundary, wherever that westerly line is. The Weymouth lot commences at the Bangor and Piscataquis Railroad and, so far as the evidence in the case shows, there is ample distance upon the street between the right of way and the defendants' lot for the two lots conveyed prior to the conveyance of the defendants' lot.

This conclusion prevents the maintenance of the action and does away with the necessity of the examination of other questions. In

accordance with the stipulation of the report judgment should be rendered for the defendants.

*Judgment for defendants.*